## SHIPMAN v. ROBBINS.

1. DEFENSE TO PROMISSORY NOTE. The indorsee of a promissory note, after maturity, does not take it subject to equities which do not attach themselves to the note, and which, as between the parties to it, would not control, qualify or extinguish any right thereon.

2. SAME: SET-OFF. A set-off is an independent demand in favor of the maker against the payee, and does not constitute a defense to a note in the hands of an indorsee after maturity.

*Appeal from Linn District Court.*

THURSDAY, DECEMBER 22.

ACTION on a promissory note, payable to Havens *or order.* The defendant answered, averring that the note was assigned after maturity, and setting up by way of set-off, an account for work and labor done, &c., by him for the payee, and held at the time of the assignment. To this answer there was a demurrer, which was sustained, and judgment rendered for plaintiff.

*E. N. Bates* for the appellant.

Shipman v. Robbins.

*Thos. J. Dudley, Jr.,* for the appellee.

WRIGHT, C. J.—When it is said in the books that the holder of a negotiable promissory note, transferred after maturity, takes it as dishonored and subject to all the equities between the original parties, whether he has notice of the same or not, it must be understood that the equities meant are such only as attach to the particular note and such as between the parties to it, would control, qualify or extinguish any rights arising thereon. Equities between the parties to the note arising from other and independent transactions between them, are not available against the note in the hands of the assignee. In one case it is said that the true test is, could the payee at the time he transferred the note, have maintained a suit thereon against the maker. *Furnis* v. *Gilchrist*, 1 Sand. S. C. 53, and see Story on Promissory Notes section 178, note 2; *Campbell* v. *Rusch*, 9 Iowa 337. A set-off is not a defense to the plaintiff's action on the note. However much defendant might establish by his set-off, the plaintiff's right to recover the amount due on the note would remain the same. The set-off is not like payment or a defense going to the want or failure of consideration, or fraud, in obtaining the note. These attach to the note itself, or the transaction out of which it arose, and control, qualify or extinguish the plaintiff's right to recover, and therefore are available against an indorsee taking it after maturity. In the case of set-off the rule is different. It is a demand by the defendant against the payee, arising out of an independent transaction or transactions, and upon no principle is it available against the holder.

Judgment affirmed.