## RYAN & LOUTHAN v. CHEW.

1. PROMISSORY NOTE TRANSFERRED AS COLLATERAL SECURITY. The assignee of a note transferred before maturity, as collateral security for a pre-existing debt, without any new consideration, is not a holder for value, in the usual course of trade, following *The Trustees of Iowa College* v. *Hill*, 12 Iowa, 462.

2. SET-OFF AGAINST A PROMISSORY NOTE. Equities between the parties to a promissory note when arising from transactions independent of the note is not available against it in the hands of an assignee, following *Shipman* v. *Robbins*, 10 Iowa, 208, and *Denton* v. *Lewis*, *ante*.

*Appeal from Dubuque District Court.*

TUESDAY, OCTOBER 14.

THIS action was brought upon a negotiable promissory note, made by the defendant to one Thomas Smith, and by him transferred before maturity to the plaintiffs. The defendant claims a set-off of a balance of an account due from Smith at the time of the transfer of the note. The cause was submitted to the court, which found specially that "the plaintiffs were not *bona fide* holders and owners of the note sued, but that the said note was transferred to them by the payee as collateral security for a pre-existing indebtedness." Judgment was rendered for plaintiff, after deducting the set-off, and from this they appeal.

*Wilson, Utley & Doud* for the appellants, relied upon *Swift* v. *Tyson*, 16 Pet., 1, 15; *Townsley* v. *Sumrall*, 2 Pet., 170; note, § 195 of Story; Parsons Mer. L. Ch., 9, § 5, and note 5; *Atwood* v. *Crowdie*, 1 Stark, 481; *Lathrop* v. *Morris*, 7 Sand., 7; *Ould* v. *Harrison*, 28 Eng. L. & E. R., 524.

*Wiltse & Blatchley* for the appellee, cited 10 N. H., 266; 20 John., 637; 6 Hill, 93; 11 L. & R., 377; 6 Whart., 220; 31 Maine, 205; 2 Gratt., 262; 1 Humph., 470; 1 Wood. & Min., 287; *Trustees of Iowa College* v. *Hill*, 12 Iowa, 462.

BALDWIN, C. J.—The finding of the court below that the note sued on was transferred to plaintiff by the payee thereof, as collateral security for a pre-existing indebtedness, and that the plaintiffs were not, therefore, *bona fide* holders thereof, is fully supported by the evidence.

It is, however, claimed by counsel for the appellants, that, even though the plaintiffs should hold the note as collateral security they would, nevertheless, be *bona fide* owners and holders, and the set-off would not be admissible.

It appears from the evidence that the note was made by defendant, Chew, and delivered to one Perry, a hired man, and applied in payment of wages due from Chew. The note was, at the request of Perry, made directly to Smith, in payment of a horse purchased by Perry of Smith.

The question as to whether a party who takes a negotiable note before maturity as collateral security for a pre-existing debt, is under the commercial law a *bona fide* holder, and is to be protected against any equities of the maker, seems to have often been presented to the courts for determination, but the rulings thereon are by no means uniform. This court, however, in the case of *The Trustees of Iowa College* v. *Hill*, 12 Iowa, 462, adopted the conclusion of the

court in the case of *Roxborough* v. *Messick*, 6 Ohio St. R., 448, which held that "if the note is transferred as collateral security to a pre-existing debt without consideration, so that the transfer is a mere voluntary act on the part of the debtor, and is received by the creditor without incurring any new responsibility, parting with any right, or subjecting himself to any loss or delay, and leaving the subsisting debt precisely in the condition it was before such transfer, the holder had not taken the note for value, nor in the usual course of trade."

The question, then, arises, whether the fact that the plaintiffs are not *bona fide* holders of the note within the meaning of the commercial law, will enable the defendant to plead as a set-off the defense he had against the original payee, Smith. It has been held by this court in the case of *Shipman* v. *Robbins*, 10 Iowa, 208, that "equities between the parties to the note arising from other and independent transactions between them, are not available against the note in the hands of the assignee." See, also, *Denton* v. *Lewis, ante.*

The consideration for which this note was given was a separate and independent transaction from that upon which the set-off was based. Following these decisions the case must be

Reversed.