## RUDDICK v. LLOYD.

1. COLLATERAL ASSIGNMENT. The assignee of negotiable paper, receiving it in good faith, from the payee, before maturity, as collateral security for a a pre-existing debt, is not a holder for value in due course of trade, and takes the same subject to all equities existing against it in the hands of the payee. *Aliter*, where he parts with a new consideration, or stipulates for delay or credit.

*Appeal from Lee District Court.*

TUESDAY, JANUARY 5.

THE facts are stated in the opinion of the Court.

*Rankin & McCrary*, for the appellant.

*J. H. Craig* for the appellee, relied upon *The Trustees of Iowa College* v. *Hill*, 12 Iowa, 462; *Ryan & Louthan* v. *Chew*, 13 Id., 589.

LOWE, J.—The notes sued on in this case were executed by the defendant, to one H. P. Miller, in part for the purchase of a lot in one of the additions to the City of Keokuk. Miller gave his bond to defendant, binding himself to make, or cause to be made, a title, with covenants of warranty, to said lot. The legal title at the time was in one Fox, from whom Miller had purchased. Afterwards, in behalf of

Miller, and by his procurement, a warranty deed for said lot was executed by Fox to defendant, and Miller's bond given up. The notes sued on were two in number, of one hundred dollars each, payable in two and three years after date, and were assigned by Miller to plaintiffs, who bring this suit. The defendant pleads a failure of consideration; that he had been evicted from the title and possession of the lot for which the notes had been given; that at the time of the sale of the lot to him, one or two large mortgage incumbrances rested upon the lot, many times the value thereof; that both Fox and Miller had been made parties to the foreclosure of the same, but had failed to protect the title; that plaintiffs had taken the notes with knowledge of their infirmity, &c.

At the trial, the defendant introduced the testimony of H. P. Miller, the payee of the notes, tending to prove that the plaintiffs held the notes merely as collateral security for an antecedent debt which said Miller owed them, and that they were authorized by him afterward to sue on said notes, and pay themselves out of the proceeds thereof. Also, evidence was produced, showing that the notes had been given by defendant to Miller for the purchase of a lot in Keokuk, the legal title of which at the time was in one Edward A. Fox, from whom the said Miller had bought it; that by his, the said Miller's, procurement, and for his benefit, having received the consideration himself, Fox executed a warranty deed for said lot to defendant, at which time the bond for a warranty deed from Miller to defendant was surrendered, &c. After this, the defense offered to prove, by competent testimony, that the lot for which the notes had been given, was largely incumbered by a mortgage, executed by the person from whom Fox had derived his title; that in the foreclosure of said mortgage, Fox, Miller, and the defendant, had been made parties, and their interest in the same foreclosed; that under

the decree of foreclosure, the mortgage premises had been sold, the purchaser given possession, and the defendant evicted; and in this way the consideration of the notes had entirely failed. To the introduction of this evidence objection was made by plaintiff's counsel, sustained by the Court, and excepted to by defendant.

Under the facts stated, it was error to refuse this evidence. If there was no testimony to the effect that the plaintiffs had taken these notes after maturity, or with notice of the defect insisted upon, still *prima facie* there was a sufficient basis laid for its introduction, by proving that the plaintiffs had taken an assignment of these notes merely as collateral security for a pre-existing debt due from Miller to the said plaintiffs. The doctrine upon this subject is discussed at some length in the case of *The Trustees of Iowa College* v. *Hill*, 12 Iowa, 462 ; and also in the case of *Roxborough* v. *Messick et al.*, 6 Ohio St. R., 448, and stated to be as follows : The assignee of negotiable paper, receiving it in good faith from the payee, without notice, and before maturity, as collateral security for a pre-existing debt, due him by the payee, where no new consideration, stipulation for delay, or credit be given, or right parted with by the creditor, he is not a holder of the collateral for value, in the usual course of trade, and takes it subject to all the equities which may exist against the payee, in favor of the maker, at the time of the assignment.

Otherwise, however, if as a collateral, he takes it for value, such as in consideration of a loan, or advancement, or in actual payment of a pre-existing debt, or under an agreement for further time to pay such debt, or for a change of securities therefor; in all such or similar cases, the holder of the collateral will be protected from infirmities affecting the instrument before it was thus transferred.

The bill of exceptions in the case at bar, brings the defendant *prima facie* within the first of the above conditions, and the evidence ruled out should have been received. We suppose, after its introduction, it would have been competent for the plaintiffs, if within their power, to rebut the *prima facie* case thus made, by showing that he did part with something, or give some new consideration, expressed or implied, in order to obtain from the defendant the collaterals in question, and that this matter should be left to the determination of the jury, under the proper instructions of the Court.

The suggestion that the defendant took his deed from Fox, and surrendered to Miller his bond, and thereby released the latter, and was remitted to the covenants of his deed, is entitled to but little consideration. Fox simply held the naked legal title, while Miller held the beneficial interest, and alone received the consideration. The title was made by Fox at the request, and for the benefit of Miller, who stands in no other or better position than if he had executed the deed of conveyance himself, in which case the failure of consideration would be available as a defense to the note, as we have substantially held in the case of *Funk* v. *Creswell et ux.*, 5 Iowa, 63. The judgment will be reversed, and the cause remanded.

Reversed.