BONE v. THARP ET AL.

1. **Promissory Note:** TRANSFER BEFORE DUE AS COLLATERAL SECURITY: RIGHTS OF NEW HOLDER AS AGAINST MAKERS: STARE DECISIS. Where the payee of a note transfers the same before due to a creditor as collateral security for a pre-existing indebtedness, no extension of time on such indebtedness being given and no right of action thereon waived by the creditor on account of the transfer, the creditor holds the note without consideration and subject to the equities which the makers might have urged against it in the hands of the payee; and this has been the doctrine of this court for twenty years. See *Trustees of Iowa College v. Hill*, 12 Iowa, 462, and *Ryan v. Chew*, 13 Iowa, 589. REED, J., from his view of the evidence, *dissenting*.

2. ———: EQUITIES PLEADABLE AGAINST ASSIGNEE. Under § 2760 of the Revision, the equities between the original parties to a note, which could be pleaded against the assignee, must have inhered in or grown out of the note itself; but, under § 2546 of the Code, where the note has not been transferred in good faith, for a valuable consideration and before due, *any* equities existing against the payee may be pleaded against the assignee.

*Appeal from Monroe District Court.*

THURSDAY, APRIL 10.

ACTION on two promissory notes—one payable to the plaintiff, and the other to the Monroe County Bank. This

last note is negotiable, and the plaintiff claims that it was assigned to her by the bank before it was due, for a valuable consideration. This is denied by the defendants, and they pleaded that it was assigned to plaintiff after it was due, as collateral security for a pre-existing debt, and that no new consideration passed between the plaintiff and the assignor; that at the time the note was transferred to the plaintiff the bank was indebted to them, and each of them, in a sum much more than the amount of said note, and that defendants had paid the note to the bank before it was transferred to plaintiff; that all of the matters and things above pleaded occurred long prior to the time defendants had any knowledge of the transfer of said note to the plaintiff.

The defendant, Tharp, pleaded that he was principal, and that the other defendants were sureties, on said note, and that, at the time it was assigned, the bank was indebted to him in the sum of $3,000. The defendants, other than Tharp, pleaded that they were sureties on the note and that, at the time it was transferred, the bank was indebted to them in the sum of $2,270.

There was a trial before the court, a finding of facts, and judgment for the plaintiff for the amount due on both notes, and for attorney fees. The defendants appeal.

*J. F. Lacey* and *H. W. Gleason*, for appellants.

*Perry & Townsend*, for appellees.

SEEVERS, J.—I. The evidence is not before us. We, therefore, are governed by the facts found by the court. So far as material, the facts so found are as follows: "That the Monroe County Bank was legally indebted to the plaintiff and her agent, Lloyd, in September, 1882; that the bank was at said time not in good financial condition; that Lloyd, for plaintiff and himself, threatened to commence suit against the bank by attachment if these claims were not

*1. PROMISSORY note: transfer before due as collateral security: rights of new holder as against maker: stare decisis.*

secured; that he would have brought suit against the bank if security had not been given; that the bank surrendered said note, with other notes, as collateral security, to secure Lloyd and the plaintiff's claim; that Lloyd was the agent of plaintiff to take such security, and that he turned said note over to plaintiff as collateral security for the debt due her by the bank; that Lloyd was the agent of plaintiff to commence suit for her, or to receive the security given; that said note and others were received by Lloyd and plaintiff as collateral security, in good faith, in the ordinary course of business, to protect themselves, without knowledge that the bank was indebted to defendant, and that the said note was received before due by the said Lloyd, to-wit: on the second day of October, 1882; that at said time the said bank was indebted to plaintiff on a certificate of deposit in the sum of $1,588, and to Lloyd on a certificate of deposit in the sum of $1,627.

"I find that at the said time defendants, A. and W. Hicks, held a certificate of deposit on said bank, dated April 24, 1882, for $2,270, with six per cent interest.

"I find that at said time, to-wit: October 2, 1882, the defendant, Tharp, held a certificate of deposit given by said bank, dated September 1, 1882, for $3,000, payable in Chicago exchange."

Conceding that the note was trasferred by the bank before it was due, the question is whether, under the facts found by the court, the plaintiff is entitled to recover. The note was transferred as collateral security for a pre-existing indebtedness, and no extension of time was given. The only new consideration which can possibly be claimed is that, if security had not been given the plaintiff, she would have brought suit against the bank and attached property on its indebtedness to her. But she did not enter into an agreement not to sue or issue an attachment, and she could have done so just as well after the transfer as before. She, therefore, parted with no right, and did not enter upon any new

obligation. She gave nothing for the transfer, and, therefore, there was no consideration for it. Under this precise state of facts, it was held in *Ryan & Louthan v. Chew*, 13 Iowa, 589, that the plaintiffs in that case were not *bona fide* holders for value. See, also, *The Trustees of Iowa College v. Hill*, 12 Id., 462. It was conceded by this court, when the foregoing cases were determined, that the adjudged cases were by no means uniform as to the question determined. But, after consideration, it was concluded that the better rule was as above stated. Such having been the settled law of this state for more than twenty years, we are disposed to adhere thereto.

II. Counsel for the appellees insist that "equities between the parties to the note, arising from other and independent transactions between them, are not available against the note in the hands of an assignee;" that is to say, that the equities between the original parties to the note, which can be pleaded against the assignee, must inhere in or grow out of the note itself. That such was the rule prior to the adoption of the Code, whether the note was negotiable or not, and whether transferred before or after it became due, will be conceded. *Shipman v. Robbins*, 10 Iowa, 208; *Ryan & Louthan v. Chew*, before cited; and *Richards v. Daily*, 34 Iowa, 427. When this last case was decided, § 2760 of the Revision was in force. This section has been materially changed by the Code. The latter, § 2546, provides that, "in case of the assignment of a thing in action, the action by the assignee shall be without prejudice to any counter-claim, defense, or cause of action, whether matured or not, if matured when plead, existing in favor of the defendant and against the assignor before notice of the assignment, but this section shall not apply to negotiable instruments transferred in good faith and upon valuable consideration before due." This section was construed in *Downing v. Gibson*, 53 Iowa, 517. It is true that in that case the note was not transferred until after it was due, but

*2. ——: equities pleadable against assignee.*

Bone v. Tharp et al.

it was said: "It seems to us that the purpose and intent of this section is to include all things or choses in action, except negotiable instruments transferred in good faith and upon valuable consideration before due." That such is the proper construction of this section of the Code we have no doubt. It applies to negotiable paper transferred before due, if the transfer was not made in good faith and for a valuable consideration. As we have heretofore determined that no such consideration passed at the time of the transfer between the plaintiff and the bank, it necessarily follows that the plaintiff is not a holder for value, and, therefore, cannot recover.

It is insisted that the court erred in fixing the amount of the attorney's fee on the note payable to the plaintiff. We are of the opinion that, under the provisions of the note, some amount should be allowed as attorney's fees. The evidence not being before us, we are unable to say whether the court erred or not.

REVERSED.

REED, J., *dissenting.*—I do not agree with the majority as to the first point ruled in the foregoing opinion. I think there was a good consideration for the transfer to plaintiff of the notes sued on by the bank, and that the plaintiff is a holder for value.

The district court found that the bank was in failing circumstances, and that plaintiff's agent was about to institute attachment proceedings to secure her claim against it, and that the bank induced the agent to forbear instituting such proceedings by turning out these notes to him as collateral security for the claim.

The act of the bank in turning out the securities for the purpose named is, as I think, presumptive evidence that a ground of attachment existed, and that the claim could then have been secured by attachment; for it is not to be presumed that it would have consented to give the security for the purpose of preventing the institution of the proceed-

ings, if no grounds existed therefor, or if its property and affairs had been in such situation as that no security for the claim could have been obtained by the proceeding.

The right of the creditor to secure his claim by attachment, when a ground exists for that remedy, is a valuable right. It often happens that he is able, by a prompt resort to this remedy, to secure his debt, where it would be lost entirely if he pursued the ordinary remedy, or even delayed for a day to institute the attachment proceedings. The plaintiff, in consideration of the delivery to her of the notes in suit as collateral security for her claim, waived this valuable right, and this waiver is a good consideration for the transfer of the notes to her; and there is nothing in the cases cited in the majority opinion in conflict with this position. The notes were not transferred in those cases upon any such consideration. There was no claim that a ground of attachment existed, or that there was a waiver of any rights with reference to the remedy by attachment; the cases are, therefore, not in point.

I think the holding of the district court, that plaintiff held the notes for value, is correct and that the judgment ought to be affirmed.