CAROLINE NOTEBOOM v. FRED WATKINS AND THE FIRST NATIONAL BANK OF HAWARDEN, Appellant.

**Evidence.** In an action for the proceeds of a note which was claimed by plaintiff, and which her husband had delivered to defendant,

either for collection, or as collateral to a debt of his own, where the answer was a general denial, it was not error to permit plaintiff to show the manner in which she acquired the money that she loaned her husband as a consideration for the note.

CROSS-EXAMINATION.   In an action for the proceeds of a note, plaintiff was asked on cross-examination whether she had made certain answers in a petition previously given, and defendant sought to produce the answers in the petition as part of the cross-examination. *Held*, properly rejected.

HARMLESS ERROR.   Error cannot be predicated on the exclusion of evidence which was afterwards admitted.

**Witnesses:** IMPEACHMENT.   It is not competent to ask a witness on cross-examination if he was not the defendant in a criminal case tried the day previous, as preliminary to the further question whether he had not been convicted of a felony, as the latter question may be asked without any preliminary inquiry.

**Instruction:** CONSTRUED.   In an action for the proceeds of a note which was claimed by plaintiff, and which her husband, J, had delivered to defendant, either for collection, or as collateral for a debt of his own, the jury were instructed that if certain facts were found they should find for plaintiff, even though they should believe that J had agreed to deliver the note to the defendant, "but if you do not so find, then you will find for defendant," and that if they found that J had agreed to deliver the note as security for his debt, and defendant, in the presence and hearing of plaintiff, demanded that he deliver it in accordance with his agreement, and thereafter, on the same day, without objection by plaintiff, J delivered the note as security, they should find for defendant. *Held,* not objectionable as requiring defendant to prove an estoppel, even though plaintiff failed to establish her case.

**Bills and Notes:** BONA FIDE PURCHASER.   One who takes a note wholly as collateral security for an antecedent indebtedness, with no extension of time, is not a holder for value.

*Appeal from Sioux District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

THURSDAY, OCTOBER 28, 1897.

PLAINTIFF states as her cause of action that defendant Watkins is the cashier of the defendant bank; that during the spring of 1895 plaintiff was the absolute owner of a certain promissory note described, signed by

Cornelius and Annie Noteboom, which was secured by mortgage upon real estate described; that during said spring the defendants received from her said note for collection; that defendants have collected the same, and converted said note and the proceeds thereof to their own use, and fail and refuse to return the said note or the proceeds thereof to plaintiff,—wherefor she asks judgment for six hundred dollars, with interest, and for costs. Defendants answered, admitting that the First National Bank is a corporation, and that defendant Watkins is the cashier thereof, and denying every other allegation of plaintiff's petition. The case was tried to a jury, and a verdict and judgment rendered in favor of the plaintiff. Defendants appealed.—*Affirmed.*

*Palmer & Van Dyke, Hobson & Olmstead,* and *Milchrist & Robinson* for appellants.

*Hutchinson & Reininger* and *Allen & Cullen* for appellee.

Given, J.—I. The following facts appear without conflict: Plaintiff is the wife of John Noteboom, with whom she joined in the conveyance of the land described in the petition, to their son, Cornelius Noteboom, in consideration of which Cornelius Noteboom and his wife, Annie, executed to John Noteboom their three promissory notes, each for five hundred dollars, due in one, two and three years, and secured by mortgage on said real estate. John Noteboom transferred the two notes last falling due, to the defendant bank as collateral security for an existing indebtedness from himself to the bank. This action is as to the note first falling due. There is no question but that John Noteboom did deliver this note, indorsed by him in blank, to the defendants, in the spring of 1895. The contentions are these: The plaintiff claims that, immediately after the

execution of said note, John Noteboom indorsed and delivered it to her on account of an existing indebtedness from him to her; that it was represented to her and to her husband by defendant Watkins that Cornelius Noteboom desired to make a new loan upon the land, and to take up all three of said notes, and that it would be necessary for the bank to have this note to consummate the matter, and upon payment by Cornelius she would receive her money; that, relying thereon, she afterwards sent the note to the defendants, by her husband, for that purpose. The defendants contend that all three of the notes were promised to the bank by John Noteboom as collateral security for his indebtedness to the bank, and that in the spring of 1895, the defendants insisting thereon, the note in question was delivered to them by John Noteboom as such security, he receiving at that time from the bank on account thereof an additional sum of forty dollars in money. The jury found specially that at the time this note was delivered to the defendants the plaintiff was the owner hereof; also, that the defendant Watkins did not know of the claim of plaintiff that she was the owner of said note, before the same was delivered to the bank.

II.   Appellants' first seven assignments of error relate to the rulings of the court upon the admission of evidence.   We have examined each of these assignments with care, and do not find that there was any prejudicial error in the rulings of the court.   It is complained that the plaintiff was permitted to show the manner in which she acquired the money that she loaned to her husband, on account of which she claims this note.   It is said that there is no issue as to the consideration which she gave for the note.   Under plaintiff's allegation of ownership of the note, and defendants' general denial, this evidence was

competent to show the ownership, and was certainly without prejudice to defendants. Upon cross-examination of the plaintiff, she was asked as to whether she had not made certain answers in a petition previously given, and appellants complain that they were not permitted to introduce the answers in the petition as a part of the cross-examination. It was not a part of the cross-examination, and, if it had been, there was no prejudice, inasmuch as the answers were afterwards introduced by the defendants. Plaintiff's husband was asked on cross-examination whether he was defendant in a criminal case tried the day previous. It is insisted that this was competent, as preliminary to the further question whether he had not been convicted of a felony. This latter question the appellants had a right to ask without any preliminary inquiry. Other questions made on the rulings on evidence do not seem to us to merit special mention.

III. Appellants' next complaint is of the second instruction. This complaint is, in part, at least, grounded upon an error in improperly punctuating and capitalizing the instruction in the abstract, as is shown by appellee's amendment to the abstract. The first part of the instruction directed the jury that, if it found certain facts enumerated to be established, it should find for the plaintiff, "even though you should also believe that John Noteboom had agreed to deliver the same to defendant. But if you do not so find, then you will find for the defendants." Following this, they were directed, in effect, that if they found that John Noteboom had agreed with the defendants to deliver the note as security for his indebtedness; that in the spring of 1895 Watkins demanded of John, in the presence and hearing of the plaintiff, that he deliver the note as security, in accordance with his agreement; and that thereafter, upon the same day,

without objection by the plaintiff, John delivered the note as security,—they should find for the defendants. Counsel insist that under this instruction defendants were required to prove an estoppel against the plaintiff before the verdict could be rendered in their favor, even if the plaintiff wholly failed to establish her case. But this is not a fair construction. The effect of the instruction was to tell the jury that, if the plaintiff failed to establish her case, it should find for the defendants, and even if she did establish her case, and the note was demanded in her presence, and delivered, without objection on her part, in pursuance of the agreement of John, and as security for his debts, the jury should find for the defendants. We fail to discern any error in this instruction.

IV.  Appellants' further contention is that the court erred in overruling their motion for judgment on the special findings. The special findings are that the plaintiff owned the note, and that the defendants received it without knowledge of her ownership. In the case of *Bank v. Barber*, 56 Iowa, 560, it is said: "The question in the case at bar is as to whether the intervener's title can be defeated by reason of the wrongful indorsement and delivery made by Elliott to the plaintiff. It certainly cannot unless the plaintiff is a holder for value. Now, the mere fact that the plaintiff took the notes as collateral security would not show that it is a holder for value. It would not be such if they were taken wholly as collateral security for an antecedent indebtedness, and no extension was given." Appellants contend that they were good-faith purchasers of this note, for value, and that, although they purchased after maturity, having done so without knowledge of

plaintiff's ownership, they took the note free from any claims thereto by her. It will be seen by the foregoing authority that if they took the note wholly as collateral security for an antecedent indebtedness, and with no extension of time, they are not holders for value. Whether they were purchasers of the note is one of the issues, and upon that issue the evidence is in marked conflict. Plaintiff and her husband testify quite positively that it was taken for plaintiff to collect; and Mr. Watkins testifies with equal positiveness that it was taken as collateral security for the indebtedness of John Noteboom, including forty dollars then loaned to him. Under the evidence and instructions the jury were warranted in finding for the plaintiff on this issue, and it is apparent from the general verdict that they did so find. The findings that plaintiff owns the note, and that defendants received it without knowledge of her ownership, do not, alone, entitle appellants to a judgment. It must further appear that they took it as purchasers, and on this issue, as already said, the jury found against appellants. There was no error in overruling appellants' motion for judgment on the special findings, nor in any of the respects complained of.—AFFIRMED.