## J. H. CABLE, Appellant, v. R. W. BUCHANAN.

**Brokers' Commission.** Defendant introduced plaintiff to G., with whom plaintiff formed a partnership, and defendant claimed commission of G. for having secured him a partner. G. stated that he had not anticipated paying any commission, but would do so in order to satisfy defendant, and transferred to him a note as his agent, with the proposition that if defendant could dispose of the note he might retain a certain amount in consideration thereof and in consideration of whatever effort he had put forth in the partnership transaction. *Held*, that defendant had not earned any commission, and his right to one had not been recognized.

**Negotiable Paper:** GOOD FAITH BUYER: *Antecedent debt as consideration.* Before defendant could sell the note, the consideration therefor was shown to be fraudulent. *Held*, that since defendant held the note as agent of the payee, and received it for an antecedent debt, he was not a bona fide purchaser to the amount claimed by him for commission, as against the maker.

*Appeal from Henry District Court.*—HON. W. S. WITHROW, Judge.

WEDNESDAY, DECEMBER 13, 1899.

ACTION in equity to enjoin the transfer of a certain negotiable promissory note and for its cancellation. There was a hearing on the merits, and a decree, from which the plaintiff appeals.—*Reversed.*

*Seerley & Clark* and *Babb & Babb* for appellant.

*McCoid & Finley* for appellee.

ROBINSON, C. J.—In May, 1897, the plaintiff, a resident of this state, entered into a partnership with one R. B. Gaut, of Houston, Texas, for the purpose of carrying on a real estate and loan business at that place. As a part of the transaction, the plaintiff purchased one-half of the business of Gaut which he had established at Houston, and was

then carrying on, including alleged rights in contracts for the purchase of real estate, and agreed to pay therefor the sum of two thousand five hundred dollars. In payment he gave to Gaut one thousand dollars in money, and the note in suit for one thousand five hundred dollars, dated May 1, 1897. The plaintiff alleges that the contract of partnership and for the purchase of one-half of the business aforesaid was procured by the means of false and fraudulent representations on the part of Gaut, and that the consideration for the contract and note has wholly failed. He asks that the defendants, Gaut & Buchanan, be enjoined from selling the note, and that it be held to be null and void. Gaut was not served with notice and did not appear. Buchanan filed an answer, in which he denies all knowledge of the alleged fraud, and alleges that the note was assigned to him before maturity, for a valuable consideration; that he paid therefor two hundred and fifty dollars, which Gaut was owing him; that the note was delivered to him for that sum, on consideration that when the note was sold or paid he should remit to Gaut the amount received therefor in excess of said sum. He asks judgment against the plaintiff for two hundred and fifty dollars and costs. The district court rendered judgment in favor of Buchanan on the note for one hundred and fifty dollars, and adjudged that the note be cancelled for the amount thereof in excess of one hundred and fifty dollars, and that it be delivered to the plaintiff.

I. The evidence shows that the note was procured by fraud, and that nothing should be recovered thereon, unless Buchanan acquired an interest therein in good faith for a valuable consideration, without notice of its illegality. His interest and possession were acquired substantially as follows: The character of his business is not fully shown, but it appears that he resided in this state, and that he sometimes went to the state of Texas with persons who thought of making investments there, and that he expected to receive a commission for any sale of property he

effected or helped to make. In February, 1897, the plaintiff went with him to Texas, and was introduced by him to Gaut. The purpose of the plaintiff's business in Texas at that time was not to enter into a partnership with Gaut, and, so far as is shown, no one at that time had any thought of the transaction which was afterward consummated. The partnership seems to have been first suggested by Gaut in a letter written by him to the plaintiff after the return of the latter to this state. The only connection Buchanan appears to have had with the matter was his act in introducing the plaintiff to Gaut, without any thought, however, as already stated, that a partnership might result from the introduction. Nevertheless, it appears that, after the agreement between the plaintiff and Gaut had been entered into, Buchanan made a demand on Gaut for a commission. In response, Gaut wrote to him, on the 10th day of May, 1897, as follows: "Now, I wish to pay you a commission, in view of the fact that you feel that I should do so. However, I am frank to say that I never thought of such a thing as paying a commission on the deal with Mr. Cable. Now, in order to enable me to pay said commission in cash at once, I will place this 90-day note (referring to the note in suit). Can you use it with your bank, or with any one in your county? * * * If you think you can place this note, I will indorse same, and send it to you at once, and let you dispose of it, and take out your commission, and forward me the balance. * * * If you can find some one who can handle it, advise me at once, * * * and I will forward same to you." Buchanan states that, in response, he wrote to Gaut to indorse the note to him as agent, and forward it, and he would see what he could do about negotiating it, and would take it in lieu of cash payment, and would take chances on negotiating the note. Buchanan states that he received from Gaut a letter, with the note, in answer to the letter, but the letter of Gaut introduced purports to be in response to a telegram the contents of which are not shown. That letter is dated May 20,

and contains the following: "Inclosed herewith I hand you
Mr. Cable's note, properly signed, as per your request given
by wire,    *    *    *    and ask that you cash same at once.
Of course, do the very best you can in point of discount, but
act as speedily as possible.    *    *    *    If the discount on
this note is very much, wire me before accepting same; but
if you can get the note cashed at once, at a reasonable dis-
count, kindly do so, and send me New York exchange for the
amount, less said discount and your commission. Now, as to
this commission, I wish to say, as I have heretofore written
you, that I had not anticipated having to pay out a cent on
the deal between Mr. Cable and myself. but wish to have you
satisfied in the premises; and for that reason make you
the proposition to allow you, in consideration of placing this
note and of whatever effort you may have put forth towards
this trade, the sum of $150." The note was indorsed to R.
W. Buchanan, as agent. He made some attempts to nego-
tiate it, and says he had about completed a sale of it, although
that claim is not sustained by the evidence, but was informed
that the plaintiff had commenced in Texas an action
against Gaut similar to this one, in which an injunction to
restrain the transfer of the note was asked, and that he made
no further attempts to negotiate the note. On the 29th day
of May, Gaut sent to Buchanan a telegram as follows: "En-
joined 2 o'clock today from selling. If note not transferred
before then, return note to me immediately. If already
so transferred, remit proceeds immediately, less your com-
mission." A few days later Gaut sent to Buchanan another
telegram, as follows: "Send note through bank, with draft
for one hundred and fifty, and same will be paid upon deliv-
ery of note." The note was sent as requested, but was not
taken up, and was returned to Buchanan. The evidence fails
to show that Buchanan ever earned any commission, or that
Gaut ever recognized that he had any legal right to compen-
sation on account of the transaction with Cable. On the con-
trary, the letters of Gaut, although showing a willingness to

pay a commission for the reason that it was demanded, indi--
cated that he thought Buchanan was not entitled to it. In
the letter which Gaut wrote inclosing the note, he proposed
to allow one hundred and fifty dollars "in consideration. of
placing this note and of whatever effort you may have put
forth towards this trade." The note was not placed, and Bu-
chanan does not show that he made any effort to effect the ·
trade. On the contrary, he says he cautioned the plaintiff :
"about looking up Gaut" before the contract was closed.
There is nothing in the letters of Gaut which tends to show
that the note was sent to Buchanan to hold as security for
his claim. The language used in the letter in which the·
note was sent, and the form of the indorsement, indicate that
Buchanan was to act as the agent of Gaut in holding and dis--
posing of the note, and when that was done he was to have
one hundred and fifty dollars of the proceeds. The telegram
of May 19th, strengthens that theory. The last telegram con--
tains the first intimation from Gaut that he recognized any
right of Buchanan to hold the note for commission; and
Gaut may not then have intended to recognize such a right,
but to adopt the most expeditious means possible to secure·
the return of the note. His intentions in that respect, how--
ever, are not material to a determination of this case. Bu-
chanan then had notice of the invalidity of the note, and
could not have acquired an interest therein adverse to the·
plaintiff.

II. If it can be said that Gaut owed Buchanan a com-
mission, and that the note was transferred to the latter to·
secure payment of the amount due him, he cannot be regarded
as having taken the note for value, in the usual
course of business, for the reason that there was no·
extension of time for the payment of the claim agreed
upon or other consideration, and the sole consideration for
the transfer was the pre-existing debt. The transfer must
therefore be regarded as merely voluntary on the part of
Gaut, and subject to the right of the plaintiff to show its inval-

idity and to have it canceled. *Trustees v. Hill,* 12 Iowa, 462; *Ryan v. Chew,* 13 Iowa, 589; *Ruddick v. Lloyd,* 15 Iowa, 441; *Bank v. Barber,* 56 Iowa, 559; *Bone v. Tharp,* 63 Iowa 223; *Noteboom v. Watkins,* 103 Iowa, 580. We conclude that the defendant is not entitled to any relief as against the plaintiff, and the decree of the district court, so far as it was in favor of the defendant, is REVERSED.

GRANGER, J., not sitting.