OAKES A. AMES & another, executors, *vs.* FREDERICK L. AMES & others, executors.

Bristol. Oct. 30, 1879. — Feb. 27, 1880. COLT & AMES, JJ., absent.

If the existence of a claim against the estate of a deceased person depends upon a future contingency, it is not a debt "justly due" from the estate, within the Gen. Sts. *c.* 97, § 8.

PETITION to the Probate Court, by the executors of the will of Oakes Ames, to order the executors of the will of Oliver Ames to retain in their hands sufficient funds to satisfy the petitioners' claim against his estate. The Probate Court dismissed the petition; and the petitioners appealed to this court. Hearing before

*Gray*, C. J., who affirmed the decree ; and the petitioners appealed to the full court.    The material facts appear in the opinion.

*H. J. Fuller*, for the petitioners.

*J. H. Benton, Jr.*, for the respondents, was not called upon.

MORTON, J.   The statute provides, that "a creditor of the deceased, whose right of action does not accrue within two years after the giving of the administration bond, may present his claim to the Probate Court at any time before the estate is fully administered; and if, on examination thereof, it appears to the court that the same is justly due from the estate, he shall order the executor or administrator to retain in his hands sufficient to satisfy the same.   But if a person interested in the estate offers to give bond to the alleged creditor with sufficient surety or sureties for the payment of the demand in case the same is proved to be due, the court may order such bond to be taken, instead of requiring assets to be retained as aforesaid."   Gen. Sts. *c.* 97, § 8.

To bring himself within this provision, a person must show that he is a creditor of the deceased, whose right of action did not accrue within two years of the giving of the administration bond, and that he has, at the time of his petition, a claim which is "justly due from the estate."   It is not enough to show that the deceased has entered into a contract with him under which a liability may or may not arise in the future.   Such a state of things does not prove the existence of a claim which the judge of probate can find to be "justly due" from the estate.

The policy of our laws is to secure the prompt and early settlement of the estates of deceased persons.   The statutes make three provisions for the protection of creditors and the collection of their debts against the estate: 1st. If a creditor's cause of action accrues within two years of the date of the administration bond, he may, within said two years, sue the executor or administrator.   2d. If at any time before the estate is settled he has a debt due upon which the right of action does not accrue within the two years, he may, by application to the judge of probate, obtain an order that the executor or administrator shall retain in his hands sufficient to satisfy it, or that a bond shall be given for the payment of what may be proved to be due, in which case the creditor is required to bring

a suit, to prove his claim to be due, within one year after his cause of action accrues, or, if an appeal is taken from the decision of the Probate Court, within one year after the final determination of the appeal, otherwise the executor of the persons signing the bond will be discharged. Gen. Sts. c. 97, §§ 9, 10. St. 1871, c. 238. 3d. A creditor whose right of action accrues after the expiration of said two years and after the settlement of the estate, and whose claim could not have been sued against the executor or administrator, and has not been presented and allowed under the provisions of c. 97, may, by a suit commenced within one year after the time when such right of action accrues, recover the claim against the heirs and next of kin of the deceased and the devisees and legatees under his will. Gen. Sts. c. 101, §§ 31–35. *Hammond* v. *Granger, ante,* 272. These provisions afford as ample protection to creditors as was deemed by the Legislature to be consistent with the reasonably speedy settlement of estates of deceased persons.

The provisions of c. 97, § 8, are confined to cases of creditors who have debts due from the estate, either payable presently or in the future. They do not extend to cases where the deceased has entered into a contract which may possibly result in a debt at some future time, but upon which there is no existing debt at the time of the application to the judge of probate.

In the case at bar, the testator signed a contract, by which, in consideration of the transfer to him of 3173 shares of the stock of the Credit Mobilier of America, he agreed with the petitioners that "if hereafter any holder of stock in said Credit Mobilier of America shall by sale to the Union Pacific Railroad Company, or by litigation, compromise or otherwise with said company, realize anything whatever per share for his stock, I will make up to said executors the amount per share received by such holder."

Nothing has become due under this contract. It is entirely uncertain whether or not anything will ever become due. The existence of any demand or debt depends upon a contingency. The judge of probate could not rightly decide that any debt was justly due from the estate, and there was no possible mode in which he could determine whether a debt would arise in the

future, and, if so, what would be its amount. He therefore rightly dismissed the petition.

The petitioners' remedy, if any debt shall hereafter arise by the happening of the contingency, will be against the heirs or devisees or legatees. *Hayward* v. *Hapgood*, 4 Gray, 437.

The petitioners rely upon the cases of *Bacon* v. *Pomeroy*, 104 Mass. 577, *Tarbell* v. *Parker*, 106 Mass. 347, and *Grow* v. *Dobbins*, 124 Mass. 560; but, in each of those cases, the dictum that the creditor therein had his remedy under the Gen. Sts. *c.* 97, § 8, was made with reference to a debt which had become certain and fixed, and upon which a cause of action had accrued before the estate was settled.

It is not necessary to consider what would be the effect of the St. of 1879, *c.* 71, in a case to which it applies, as the testator died and his estate was in process of settlement at the time of the passage thereof, and it therefore does not apply to this case. St. 1879, *c.* 243.                          *Decree affirmed.*