### TIFFANY V. STEWART ET AL.

1. **Former Adjudication**: BINDING ONLY BETWEEN PARTIES. A former adjudication in a proceeding to which the real parties in interest were not made parties, does not bar a subsequent action by the same plaintiff against the real parties in interest.

2. **Execution**: OFF-SETTING MUTUAL JUDGMENTS: ATTORNEY'S LIEN: ASSIGNMENT. T. had sued H., and, after several appeals and re-trials, it resulted that there was judgment in favor of H. against T. for $326.24 debt, and $214.48 cost, and in favor of T. against H. for $175.75 costs which were payable to T. personally. But before these judgments were rendered, H's attorneys had, by proper notice, claimed an attorney's lien for their services in the case, upon whatever might be found due from T. to H. After the judgment against T. was rendered in favor of H., he assigned it to his attorneys in consideration of their fees alone. It appears that H. was insolvent. After this, executions were issued upon both judgments. *Held* that the lien attached to only so much as should be found due from T. to H. upon the adjustment of the whole case; that is, the difference between the two judgments; and that the assignment carried to H.'s attorneys only this difference; and that it was the duty of the sheriff holding both executions to off-set the one judgment against the other, under section 3097 of the Code, and to receive from T. the difference between the two judgments in satisfaction of both executions. *Bell v. Perry & Townsend*, 43 Iowa, 368, distinguished.

### *Appeal from Scott Circuit Court.*

#### MONDAY, DECEMBER 11.

IN September, 1879, the plaintiff commenced an action in the court below against the defendant, Henderson. The defendants Stewart, White and Parks, were the attorneys for Henderson, who set up a counter-claim, and, after the commencement of the action, and on the thirtieth day of September, 1879, the said attorneys served on Tiffany a notice of an attorney's lien of $300, upon the amount set up in the counter-claim. The cause proceeded to trial, and a judgment was rendered against Tiffany. An appeal was taken to this court, where the judgment was reversed and the cause remanded for a new trial. The cause was again tried with a

like result, and was again appealed, reversed and remanded. Upon the two appeals, judgments were rendered against Henderson for costs, amounting in the aggregate to $175.75. Another trial was had in the Circuit Court, which resulted in a judgment in favor of Henderson and against Tiffany for $326.24 debt and $214.48 costs, amounting in all to $540.72.

After the verdict in the cause was returned, but before judgment thereon, Henderson made a written assignment to his said attorneys of all his right to the verdict and claim, and an assignment in writing of the judgment was also made to the same parties. Executions were issued on all the judgments and were placed in the hands of the defendant, Leonard who is sheriff of Scott county.

On the eighth day of June, 1882, Tiffany paid to the sheriff the sum of $305.76, being the difference between the two judgments in his favor and the one against him, and asked that the balance be canceled and set-off, which the sheriff refused to do. Tiffany filed his petition for a rule on the sheriff to compel him to make the set-off, and pending the same, the sheriff was enjoined from proceeding in the premises. A motion was made to dissolve the injunction, which motion was sustained. Thereupon Tiffany dismissed his petition for a rule on the sheriff, and commenced this action in equity, making the sheriff, the said attorneys, and Henderson, parties defendant, and asking an injunction, which was refused. From the order refusing to grant the injunction the plaintiff appeals.

*Hirschel & Preston*, for appellant.

*Stewart & White*, for appellee.

ROTHROCK, J.—I. The defendants contend that the matter in controversy was adjudicated by the order dissolving the injunction in the proceedings for a rule on the sheriff. This does not appear to us to be correct. The real parties in interest were not

1. FORMER adjudication: binding only between parties.

before the court in that proceeding. Henderson had parted with all interest in the verdict and judgment by his assignments to his attorneys, and they were not parties to that proceeding. Besides, it now appears that Henderson is insolvent, and the judgments against him for costs cannot be collected by the ordinary process of the law. The question of the defect of parties was made in that proceeding, and, as we understand, was sustained by the court. It was the right of Tiffany to dismiss, or to amend and make new parties. He has chosen to do the former, and we think he is not concluded by the former ruling, even though it was made in part upon the ground that there was no right of set-off.

II. If there had been no attorney's lien upon the claim, and no assignment and transfer of the judgment to Henderson's attorneys, and as it is admitted Henderson is insolvent, it seems to us there can be no question that, as between Henderson and the parties entitled to the costs which were adjudged against him, the judgment should be set-off.

2. EXECU-TION ; off-setting mutual judgments: attorney's lien:.assignment.

It is true, it is held in *McConkey v. Chapman*, 58 Iowa, 281, that the successful party has ordinarily no interest in the costs which he has not paid, and a payment thereof to him is unauthorized, and does not absolve the judgment defendant from payment to the persons entitled thereto, such as jurors, witnesses, and officers of the court. But the defendants in this case aver that the costs claimed are for costs under rule ninety-three of this court. That rule provides that for printed abstracts, briefs, etc., the clerk of this court shall tax printer's fees against "the unsuccessful party, not furnishing the same, to be collected and paid to the successful party as other costs." It nowhere appears from the record before us that the plaintiff is not entitled to receive the costs which he seeks to have set-off, and the rule above cited contemplates that the costs therein provided for have been paid by the successful party. Leaving out of question, then, the attorney's lien and the assignments, the judgments

would be, to say the least, mutual, and there would be an un-doubted right, under section 3097 of the Code, to set-off one against the other.

It remains to be determined whether this right is lost to the plaintiff by reason of the attorney's lien and the assign-ments of the verdict and judgment. We have said that the judgments as between the parties thereto were mutual. They were more than mutual in the ordinary sense of that term. They were not judgments rendered in separate actions. They were rendered in the same action, and the rights of the parties are to be determined by simply subtracting one from the other, upon about the same principle that costs are in the same judgment apportioned among the parties. In such case, it would not be claimed that the costs awarded to the unsuc-cessful party should not be set-off.

The claim of the defendant's attorneys to the judgment is founded upon a lien for their services in the action, and it is important to determine upon what such lien can be made. The statute, Code, § 215, provides that an attorney, by giv-ing the proper notice, may have a lien for his compensation upon money due his client in the hands of the adverse party, in an action or proceeding in which the attorney claiming the lien was employed. The money in the hands of the adverse party is such as shall be found to be due in the action or proceeding. In other words, an attorney cannot have a lien upon any greater amount than shall actually be found to be owing by the opposite party to his client. Suppose, in the course of the action or proceeding, costs should be adjudged against the client of the attorney claiming the lien. Must the success-ful party pay the attorney the full amount found to be due from the adverse party, regardless of off-sets? And must the adverse party pay such amount, notwithstanding the client of the attorney is insolvent? We think not. The spirit and meaning of the law is, that the attorney may have a lien upon the amount which is ultimately found to be due his client. Any other construction of the statute would be ob-

viously inequitable and unjust. It would in effect require a party to pay part at least of his antagonists attorney's fee.

The assignments of the verdict and judgment were nothing more than carrying out the claim for a lien. It is not pretended, nor claimed, that any other consideration was paid for the assignments than the satisfaction of attorney's fees in that action. A judgment is a mere chose in action. It passes to an assignee, charged with all the equities which can be asserted against it in the hands of an assignor. *Ballinger v. Tarbell*, 16 Iowa, 491. And "in actions in which the cause of action shall, by assignment, after the commencement of the action, or in any other manner, become the property of a person not a party to the action, such party shall be liable for the costs in the same manner as if he were a party." Code, § 2943. We think it is clear that, while the attorneys in this case may not be personally liable for costs, because they did not take the assignment until after the verdict, yet they stand in the shoes of their client, and must take the judgment with all the burdens attached to it by the course of the litigation.

The defendants rely on the case of *Ball v. Perry & Townsend*, 43 Iowa, 368, and other cases, as sustaining the claim that there is no mutuality between them and the plaintiff. That was a case where there was an assignment of a judgment rendered in the District Court. For what purpose, or upon what consideration, the judgment was assigned does not appear. Presumably it was upon a full consideration, and not to satisfy a previous lien for fees. The cause was appealed to this court, where the judgment was affirmed as to the debt, but reversed as to the costs. It was sought to set off the costs against the judgment for the debt, and it was held it could not be done, because the judgments did not belong to, and were not the property of, the respective parties thereto, one judgment having become the the property of a third party. No question was made as to the right or title of the assignee of the judgment. In this case, the assignment

was but an enforcement or carrying out of the lien of the attorneys under the statute.

It is expressly averred in the answer that the written assignments were made to enable the attorneys to obtain payment for their services. The distinction between this case and that above cited will readily be seen. Here we are required to determine the rights of the attorneys to compensation from the judgment obtained by them, while, in the case cited no such question is involved. Without further extending this discussion, we think the injunction should have been granted.

REVERSED.