## WATSON v. SMITH, SHERIEF, ET AL.

1. **Executions:** MUTUAL: DUTY OF SHERIFF TO SET OFF ONE AGAINST THE OTHER: EFFECT OF ATTORNEY'S LIEN. Where a cause involved two counts, and judgment was rendered for plaintiff on one count and for defendant on the other, and execution was issued on both judgments, it was the right of one of the execution debtors to have the execution in his favor applied on the execution against him, notwithstanding such application would defeat an attorney's lien filed against the judgment against him. *Tiffany v. Stewart*, 60 Iowa, 207, followed.

*Appeal from Marshall Circuit Court.*

THURSDAY, APRIL 10.

THE plaintiff alleges in his petition that on the twenty-ninth day of August, 1879, a certain cause was tried in the circuit court of Marshall county, wherein the defendant, Eliza Van Horn, was plaintiff, and he was defendant; that on said trial judgment was rendered in his favor against said Van Horn, on the first count of his petition, for $244.75, and against him, and in favor of Van Horn, on the second count of his petition, for $125, and costs, amounting to $10; that on the third day of August, 1880, W. A. Tewksbury filed an attorney's lien for $150 on the last named judgment, and that, since filing said lien, he has assigned his claim to the defendant, A. L. Hopwood; that on the first day of September, 1882, an execution was issued by the clerk on said judgment against him, (plaintiff,) and placed in the hands of the defendant, Smith, who is sheriff of Benton county, and that on the thirteenth of the same month he caused an execution to be issued on said judgment in his favor, and placed the same in the hands of said sheriff; that said judgment in his favor was for costs accruing in said cause, and that $132.85 of said amount was for fees and costs advanced by him in said cause; that Van Horn, at the time the judgment was rendered, was, and still is, insolvent; that he has demanded of said sheriff, that the amount due him on said judgment be offset on the execution in favor of Van Horn, and has offered to pay the balance remaining due on said judgment in favor of Van Horn, after applying thereon the amount due him on said judgment in his favor; but that the sheriff has refused to make said offset. And he prays that said offset be made, and that the parties be enjoined from levying said execution issued on the judgment in favor of Van Horn, and that said judgment be satisfied and canceled of record.

There was an answer, admitting a portion of the allegations

of the petition and denying others.    The cause was submitted on an agreed statement of facts.    Judgment was entered for plaintiff for the relief prayed in his petition.    Defendants appeal.

*Traer & Voris*, for appellants.

*Nichols & Burnham*, for appellee.

REED, J.—The following facts are admitted by the agreed statement of facts:

(1)    That the judgment for $224.75, rendered in favor of Watson in the case of *Van Horn v. Watson*, was for costs, and $132.85 of that amount was costs Watson had advanced in the case; (2) that, at the time this judgment was rendered, Van Horn was insolvent, and has continued so from that time to the present; and (3) that Tewksbury was attorney for Van Horn in the case of *Van Horn v. Watson*, and filed his claim for an attorney's lien on the judgment obtained by Van Horn against Watson for his services in that cause.

In *Tiffany v. Stewart*, 60 Iowa, 207, it was held, on a similar state of facts, that the party who owned the judgment for costs had the right to have it set off against the judgment in favor of the other party against himself, and that this right was superior to the lien of the attorney for his services in obtaining the judgment.    Following that case, the judgment of the circuit court is

AFFIRMED.