E. W. BENSON, Appellee, v. JONAS HAYWOOD *et al.*, Appellants.

| 86 | 107 |
|----|-----|
| 97 | 496 |

| 86 | 107 |
|-----|-----|
| 134 | 30 |

1. **Evidence:** WRITTEN INSTRUMENTS: PAROL EVIDENCE INADMISSIBLE TO CONTRADICT. Where an assignment of a judgment, entitled with the name of the cause wherein it was filed, recited that it was given for labor and services performed for the assignor "in the above entitled case," *held*, that parol evidence was not admissible to show that the consideration for the assignment in part was service rendered by the assignees in a case other than that wherein the assignment was filed.

2. **Judgments:** ASSIGNMENT: SET-OFF. The assignment of a judgment will not deprive the judgment debtor of the right to use as a set-off, against the judgment so assigned, a judgment obtained by him against the assignor of said judgment prior to said assignment.

*Appeal from Buena Vista District Court.*—HON. LOT THOMAS, Judge.

WEDNESDAY, OCTOBER 5, 1892.

THE plaintiff owns a judgment rendered in his favor against the defendant Haywood for two hundred dollars,

drawing ten per cent. interest, and sixteen dollars and twenty-five cents costs. In another action judgment was rendered against the plaintiff and in favor of Haywood for one hundred and thirty-seven dollars and fifty cents and for seventy dollars and ninety-five cents costs. Defendant James, as sheriff, holds executions on both judgments, but refuses to offset the lesser against the larger, for the reason that the judgment against the plaintiff was assigned to the defendants Chapman and Irwin. The plaintiff asks that the judgment against him be credited on the judgment in his favor, and that the defendants be enjoined from collecting said judgment against him. A decree was entered offsetting said judgments, except as to costs. The defendants appeal.—*Affirmed.*

*C. A. Irwin* and *T. H. Chapman*, for appellants.

Under section 3079 of the Code the plaintiff is entitled to relief only upon a showing that the judgments were mutual at the time that suit was brought. *Bell v. Perry, et al.*, 43 Iowa, 368; *Gallaher v. Pendleton*, 55 Iowa, 142. In *Tiffany v. Stewart*, 60 Iowa, 207, the assignment was for the sole purpose of enabling the assignees, who were the attorneys in the case, to enforce their attorney's lien for fees due in that case; as the court says, "The assignment was but an enforcement or carrying out of the lien of the attorneys under the statute." In the case at bar the defendants receipted their claims in full in consideration of the assignment. That such an assignment would prevent an offset, even though it were verbal, was fully settled in *Gray v. McCallister*, 50 Iowa, 497.

*H. F. Galpin*, for appellee.

The plaintiff is entitled to have the two judgments set off as he prays. Code, section 2546; *Edmonds v.*

*Montgomery & Shaw*, 1 Iowa, 143; *Hurst v. Sheets & Tussell*, 14 Iowa, 322; *Davis v. Milburn*, 3 Iowa, 170; *Burtis v. Cook, et al.*, 16 Iowa, 149. "The assignee of a judgment is in no better position than his assignor." *Preston v. Turner*, 36 Iowa, 671. In the case of *Hurst v. Sheet, et al.*, 21 Iowa, 501, etc. (505) this court has said: "In this state the right to set off one judgment against another is not simply equitable, to be allowed or not, according to circumstances. But it is, where the judgments are between the same parties, a matter of legal right; and no court, either of law, or equity, has any discretion to disallow the set-off in any case within the statute." In the case of *Tiffany v. Stewart*, 60 Iowa, 207, the principle presented and determined is generally the same as the case at bar, and while the court in that case says that "the assignment was but an enforcement or carrying out of the lien of the attorneys under the statute;" the court also says: "A judgment is a mere chose in action. It passes to an assignee charged with all the equities which can be asserted against it in the hands of an assignor." While I cannot see that it is material whether or not they had actual notice that the judgment of the plaintiff was still unpaid, yet knowledge was charged, and it was incumbent on them to prove they had no notice of the fact, or were not chargeable with notice. *Sillyman v. King*, 36 Iowa, 207; *Kibby v. Harsh*, 61 Iowa, 196. But the proof shows both of them had actual notice of the judgment against Haywood.

GIVEN, J.—The facts necessary to be noticed are these: On March 26, 1890, the plaintiff, Benson, obtained his judgment against the defendant Haywood, of which facts the defendants, Chapman and Irwin had knowledge, they being engaged as attorneys in that case. At the August term following a verdict was returned in favor of the defendant Haywood against

the plaintiff, Benson, in another action, wherein Chapman and Irwin appeared as attorneys for Haywood. On August 28 following the verdict, but before judgment was entered thereon, Chapman and Irwin filed notice claiming an attorney's lien "upon the judgment" for services as attorneys, for seventy-five dollars each, and on the same day they filed an assignment as follows:

"STORM LAKE, Iowa, August 28, 1890.

"For value received, I hereby assign, transfer, and set over to T. H. Chapman and Chas. A. Irwin, all my right, title and interest in and to the judgment this day recovered by me in the case of Jonas Haywood v. E. W. Benson for legal fees due from me to them for labor and services performed for me in the above entitled case.                    JONAS HAYWOOD."

On August 30 judgment was rendered on the verdict against the plaintiff, and in favor of Haywood, and on September 3, 1890, executions were issued on both judgments, and placed in the hands of the defendant James, as sheriff, who refused to offset the one against the other, and thereupon this action was brought. The right of Chapman and Irwin to an attorney's lien is not questioned, nor is the validity of the assignment to them. There is no allegation of fraud or want of consideration, and the evidence shows that the value of their services to Haywood in the case was equal to the amount of the judgment.

I. The appellants introduced evidence, over appellee's objection, tending to show that the consideration 1. EVIDENCE: written instruments: parol evidence inadmissible to contradict. for this assignment was service rendered as attorneys for Haywood in the action wherein the judgment against Benson was rendered of the amount of eighty-two dollars and fifty cents, and fifty-five dollars for services rendered for Haywood in another case. The assignment from Haywood recites that it was "for legal fees

due from me to them for labor and services performed for me in the above-entitled case.'' , The above-entitled case is *Jonas Haywood v. E. W. Benson.* There is no allegation of fraud or mistake in the making of this writing, nor is it ambiguous or its meaning uncertain. It plainly states the consideration to be labor and services in the case wherein the judgment was rendered, and the evidence introduced is in direct contradiction ·of this plain recital, and therefore not admissible. The appellants cite *Moore v. Lowrey,* 25 Iowa, 338, and *Foster v. Trenary,* 65 Iowa, 623, where it is held that such an assignment may be verbal or in writing, ''and if in writing, and the intent and contract of the parties is not fully expressed therein, it may be shown by evidence *aliunde.''* In this assignment the intent and contract is fully expressed, and, under familiar rules, ·that writing may not be contradicted, in the absence of an allegation of fraud or mistake. This evidence cannot be considered, but the consideration must be taken to be as expressed in the writing.

II.   The appellants contend that it is only mutual judgments that may be set off; that to be mutual they must in fact belong to the respective parties; and that, by the assignment, the judgment against the plaintiff ceased to belong to Haywood, and is therefore not a mutual judgment.   The appellee's contention is that under section 3097 of the Code, and also under the rules of equity, ·the right to have these judgments set off against each other arose when, by the verdict, it was determined that the plaintiff was indebted to the defendant Haywood; and that by the assignment Chapman and Irwin took the judgment subject to all defenses which Benson has against it, including the right of set-off. It requires no citations to show that the judgments must be mutual.   If it were not for the attorney's lien and assignment, there would be no question of the

*2. JUDGMENTS: assignment: set-off.*

right of either party to have these judgments set off. It is well established that the assignee of a judgment takes it subject to any defense which the judgment debtor may have against it. Code, section 2546; *Edmonds v. Montgomery*, 1 Iowa, 143; *Hurst v. Sheets*, 14 Iowa, 322; *Davis v. Milburn*, 3 Iowa, 170; *Burtis v. Cook*, 16 Iowa, 194; *Preston v. Turner*, 36 Iowa, 671; *Ballinger v. Tarbell*, 16 Iowa, 491; *Tiffany v. Stewart*, 60 Iowa, 211. The attorney's lien is upon "money due his client in the hands of the adverse party." Code, section 215. The plaintiff having the right to have the amount due from him to Haywood set off by his larger judgment against Haywood, there was no money due from him upon which the lien could attach.

We understand the appellants to rest their defense upon the assignment alone; hence the matter of the lien need not be further noticed. The question is whether the valid assignment of a judgment deprives the judgment debtor of the right to thereafter have a judgment in his favor against the assignor rendered in a different action before the assignment set off against judgment assigned. The basis of the right to set off judgments is not different from the right to set off mutual claims of any kind. If these parties had held mutual accounts against each other, and one of them had assigned his account against the other to a third person, and that person sued upon it, the right of the one sued to set up his account against the assignor, as an offset, would hardly be questioned. In such case the assignee takes the account subject to defenses. There is no distinction between such an assignment and the assignment of a judgment. It seems to us entirely clear that Chapman and Irwin took this judgment subject to the plaintiff's right to offset it with his judgment, even though at the time they did not know that the judgment in favor of the plaintiff was unpaid. *Tiffany v. Stewart*, 60 Iowa, 207, supports the view we

have expressed. In that case two judgments were rendered against Henderson in favor of Tiffany, for costs on appeal, which Tiffany had paid. Upon the final trial judgment was rendered in favor of Henderson and against Tiffany. Tiffany sought to offset the judgments in his favor against that in favor of Henderson. Stewart, White and Parks claimed an attorney's lien and assignment of the verdict and judgment in favor of Henderson. Tiffany asked an injunction against the defendants Stewart, White and Parks, to restrain them from collecting the judgment against him. This court held that the injunction should have been granted. What is said in that case applies with equal force to this. It is true those judgments were all rendered in the progress of the same action, but they were separate and independent judgments, and though, as said, "they were more than mutual in the ordinary sense of that term," that does not question the mutuality of these judgments. See, also, *Ballinger v. Tarbell*, 16 Iowa, 491; *Burtis v. Cook, Id.* 194, and other cases cited above.

The decree of the district court is AFFIRMED.