(November 19, 1901.)

## NORTHWESTERN AND PACIFIC HYPOTHEEK BANK v. RAUCH.

### [66 Pac. 807.]

ASSIGNMENT—SETOFF.—An assignee of a cost-bill, on which an execution may be issued, takes it subject to any right of offset against said bill of costs existing at the time of the assignment.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

Forney & Moore, for Appellant.

The assignment of the cost-bill by the respondents to their attorney Goode was without prejudice to any setoff or other defense belonging to the appellant and existing at the time of, or

before notice of, the assignment. (Idaho Rev. Stats., sec. 4091; *Haskins v. Jordan,* 123 Cal. 157, 55 Pac. 786; *Porter & Allen v. Liscom,* 22 Cal. 431, 83 Am. Dec. 76; *Tiffany v. Stewart,* 60 Iowa, 207, 14 N. W. 241; *Way v. Colyer,* 54 Minn. 14, 55 N. W. 744; *Wells, Fargo & Co. v. Clarkson,* 5 Mont. 336, 5 Pac. 894; *Hobbs v. Duff,* 23 Cal. 596.) This is a suit in equity. The court should have determined all rights, interest and claims of all the parties hereto, and should have forever settled all questions appertaining to the subject matter. (*Beane v. Givens,* 5 Idaho, 774, 51 Pac. 987.)

George W. Goode, for Respondent.

There can be but one action for the recovery of any debt secured by mortgage. (Rev. Stats., sec. 4520.) The husband has absolute power and control of personal property, community, separate property of the wife, his own separate property. (Rev. Stats., secs. 2498-2505.) Power of the courts to set off one judgment against another. Subject matter must have passed actually into judgment, etc. (22 Am. & Eng. Ency. of Law, 449 et seq. An assignment by a party to his attorney before judgment is good as against an after acquired judgment obtained against the attorney's assignor. (22 Am. & Eng. Ency. of Law, 454 et seq.; *Hobbs v. Duff,* 23 Cal. 596; 5 Ency. of Pl. & Pr. 1063.)

SULLIVAN, J.—This is an appeal from an order denying appellant's motion to offset $124.75, the amount of costs recovered by respondents on a former appeal of this case (7 Idaho, 152, 61 Pac. 516), against the judgment of $1,475 obtained by appellant against respondents in this action. The facts are as follows: On a former appeal in this action the respondents, who were defendants, were successful, and costs to the amount of $124.75 were awarded to them. The cause was remanded, and thereafter tried by the court below, and judgment entered against the respondents on the thirteenth day of December, 1900; and on that day counsel for appellant made the motion above referred to. The record shows that the respondents Andrew Rauch and his wife had assigned in writing, on the third

day of July, 1900, the cost-bill, including said costs, to their attorney. The motion was denied, and that action of the court is assigned as error.

Said item of costs sought to be set off against the judgment herein arose in this suit, and may be set off against the judgment obtained herein. Section 4091 of the Revised Statutes of 1887 provides that, in the case of an assignment of a thing in action, the assignment is without prejudice to any setoff or other defense existing at the time of or before notice of the assignment. Said costs were in the nature of a judgment, and under the provisions of section 4913 of the Revised Statutes of 1887 an execution could be issued to collect the same. In *Porter v. Liscom,* 22 Cal. 430, 83 Am. Dec. 76, it is held that an assignee of a judgment, although a purchaser for value and without notice, takes it subject to a right of setoff against the judgment existing at the time of the assignment; and where in the same action two judgments were entered, one for the plaintiff and one for the defendant, it was held that defendant had the right to set off his judgment *pro tanto* against that of the plaintiff. In the case at bar the defendants had a judgment against plaintiff for $124.75, and plaintiff recovered judgment against them for $1,475, and it was error to refuse to allow a setoff *pro tanto.* The assignment was made without prejudice to such setoff. (See, also, *Tiffany v. Stewart,* 60 Iowa, 207, 14 N. W. 241; *Way v. Colyer,* 54 Minn. 14, 55 N. W. 744.

It was error for the court to deny said motion for a setoff, and the action of the court therein is reversed, and the cause remanded, with instructions to grant said motion. Costs of this appeal are awarded to appellant.

Quarles, C. J. and Stockslager, J., concur.