DeLAVAL SEPARATOR CO., Appellant, v. E. D. SHARPLESS, Appellee.

**Replevin:** INSTRUCTIONS: HARMLESS ERROR.  In an action to recover possession of certain machines, plaintiff claiming that it was the owner and defendant an agent for the sale on commission, and defendant claiming ownership by purchase, the chief contention being the nature of the contract, an instruction that if the contract was one of agency plaintiff was entitled to possession but if of purchase defendant was the rightful possessor, was not prejudicial to plaintiff even though a portion of the machines had been sold by defendant and there could only be a recovery of the remainder.

*Appeal from Pottawattamie District Court.*— HON. A. B. THORNELL, Judge.

TUESDAY, DECEMBER 12, 1905.

ACTION to recover the possession of five cream separators, under a claim that plaintiff was the manufacturer thereof and is now the owner of the same. Defendant denied plaintiff's claim, and pleaded ownership in himself. On these issues the case was tried to a jury, resulting in a verdict and judgment for defendant, and plaintiff appeals.— *Affirmed.*

*E. R. Duffie* and *Carr, Hewitt, Parker & Wright,* for appellant.

*Harl & Tinley,* for appellee.

DEEMER, J.— Appellant presents but one question on this appeal, and that is the correctness of an instruction given by the trial court, to the effect that either plaintiff or the defendant was entitled to each and all of the machines in controversy, whereas it was conceded that, as to three of them, there could under the evidence have been no recovery by the plaintiff.

Plaintiff claimed that it consigned the separators to defendant as its agent, to be sold on commission; and the record shows that, when the action was commenced, defendant had sold three of them, and had delivered them to the purchasers. Defendant denied that he was plaintiff's agent, and claimed that he had purchased the machines outright. In view of these claims, the trial court in its instructions said:

Fifth. As before stated, if the contract between Graham and the defendant was that the defendant should receive the machines as agent of the plaintiff company, and sell the same on commission, machines not sold to be returned to the plaintiff company or Graham, and the machines in question were shipped to the defendant under said contract, then the plaintiff company is the owner of the machines in question, and entitled to the possession thereof.

Sixth. If the contract between Graham and the defendant was that defendant should buy the machines and

pay therefor a certain per cent. less than the listed price thereof, and the machines in question were received under said contract by the defendant, then the defendant is the owner thereof, and entitled to the possession of the machines in question.

Two forms of verdict were submitted — one in favor of plaintiff for all the property, and the other for the defendant — and in each all of the machines were enumerated, and a blank left for the jury to fix the value of each in the verdict returned by it. The verdict was for defendant for each and all of the machines; the value of each being found by the jury. When the action was commenced, a writ was issued, and the sheriff was not able to find more than two of the separators to take under his writ.

The principal question in the case, however, was the nature of the contract under which defendant had acquired possession of the property; and, even if it be conceded that in no event could plaintiff have recovered more than two of the machines, the error in the instruction was not prejudicial to the plaintiff. No reference was made in the instructions to defendant's sale of the three machines, and the jury could not have understood that this fact had any relevancy to the case. Moreover there is no evidence that these three machines were sold by defendant prior to the commencement of this action. Therefore, under the instructions, if the jury had found the arrangements to have been as plaintiff contended they were, it would have returned a verdict for all of the machines. Hence the error, if any there be, was prejudicial to the defendant.

There is no error of which the plaintiff may justly complain, and the judgment is *affirmed.*