DeLaval Separator Company, Appellant, v. E. D. Sharpless, Harl & Tinley, Chas. M. Harl, Emmet Tinley, T. Q. Harrison, and Edward Canning, Sheriff.

**Enforcement of judgment by assignee:** INJUNCTION: SETOFF.
1  The assignee of a judgment on a replevin bond taken in satisfaction of an attorney's lien for services rendered plaintiff in the action, holds the same subject to any setoff in favor of the judgment debtor as against the assignor, even without notice thereof; and an injunction will issue to restrain the enforcement of the judgment.

**Same:** ESTOPPEL. The fact that plaintiff in replevin had not given
2  notice of a setoff against a judgment rendered on his bond, is not ground for estoppel precluding him from maintaining a suit in injunction to restrain enforcement of the judgment in the hands of an assignee.

*Appeal from Pottawattamie District Court.*—HON. O. D. WHEELER, Judge.

MONDAY, APRIL 8, 1907.

ACTION in equity to restrain the enforcement of a judgment against the plaintiff by defendant Sharpless, the party in whose favor the judgment was recovered, or by defendants Harl & Tinley, assignees of such judgment, on the grounds that defendant Sharpless is insolvent and that plaintiff had, prior to the assignment, a valid claim against Sharpless in an amount exceeding the amount of the judgment. Plaintiff's application for temporary writ of injunction having been denied, the plaintiff appeals.— *Reversed.*

*C. F. Vogel* and *Stillman & Price,* for appellant.

*Harl & Tinley,* for appellees.

McCLAIN, J.— From the allegations in the pleadings, which are deemed true for the purpose of determining the correctness of the ruling of the trial court refusing a temporary injunction, it appears that in February, 1904, the defendant Sharpless obtained a judgment in the district court against the plaintiff herein on a replevin bond in an action wherein this plaintiff sought to recover certain cream separators, which had been sold by it to Sharpless, wherein it was held that said cream separators were the property of said Sharpless and wrongfully taken from him under the writ of replevin (see *De Laval Separator Co. v. Sharpless,* 129 Iowa, 114); that at the time said judgment was recovered Sharpless was indebted to plaintiff on account for the purchase price of said separators, and others of the same description, purchased by him from plaintiff, in an amount exceeding the amount of his judgment; that defendants Harl & Tinley had an attorney's lien on the judgment in favor of Sharpless for services in recovering such judgment, and took an assignment thereof before it was affirmed on appeal to the Supreme Court in payment of the services already rendered and to be rendered in the case; that prior to said assignment plaintiff had not made or asserted any right or claim against Sharpless on account of his indebtedness to plaintiff, and Harl & Tinley accepted the assignment in payment of their fees for services already rendered and to be rendered, in reliance upon said assignment and their lien, without knowledge that plaintiff had any claim against Sharpless; and that Sharpless is, and has been, since the institution of the replevin suit, insolvent, so that plaintiff is, and has been, without adequate remedy at law to prevent the irreparable injury which would result from the enforcement by Sharpless or Harl & Tinley, his assignees, of the judgment recovered by Sharpless against the plaintiff.

1. ENFORCEMENT OF JUDGMENT BY ASSIGNEE: injunction: setoff.

As against Sharpless, the right of the plaintiff to have relief in equity to prevent the enforcement of the judgment, so as to defeat the setting off of Sharpless' indebtedness to

plaintiff, Sharpless being insolvent, is perfectly plain. The facts bring the case completely within the general jurisdiction of equity to enforce a set-off. In the replevin suit, in which Sharpless recovered his judgment, the indebtedness of Sharpless to plaintiff on account could not be interposed as a counterclaim (Code, section 4164); and, if Sharpless were to be allowed to enforce his judgment, plaintiff would be in the position of being compelled to pay this judgment, although Sharpless is indebted to it in amount in excess of the judgment in his favor. That a court of equity will furnish relief by way of decreeing an equitable set-off in such cases is well settled. *Marshall v. Cooper,* 43 Md. 46, 59; *Railroad v. Greer,* 3 Pickle (Tenn.) 698 (11 S. W. 931); *Merrill v. Souther,* 6 Dana (Ky.) 305; *O'Neil v. Perryman,* 102 Ala. 522 (14 South. 898); 1 Pomeroy, Equity Jurisprudence (3d Ed.), section 189. To defeat this equitable right of plaintiff, defendants Harl & Tinley insist on their assignment, taken without notice, as they allege, that plaintiff had any claim against Sharpless. So far as their rights under the assignment are predicated upon their attorney's lien, they are, however, subject to any right of set-off which plaintiff had at the time the judgment was recovered. Their lien was on money due their client in the hands of the adverse party (Code, section 321); and, if at the time the judgment was recovered, Sharpless owed plaintiff more than the amount of the judgment recovered by him against plaintiff, then there was no money in the hands of plaintiff due to Sharpless. *Watson v. Smith,* 63 Iowa, 228; *Tiffany v. Stewart,* 60 Iowa, 207; *Benson v. Haywood,* 86 Iowa, 107; *Marshall v. Cooper,* 43 Md. 46, 61. As assignees of the judgment, Harl & Tinley are in no better situation than Sharpless was as against plaintiff's equitable right of set-off at the time the judgment was assigned to them. With reference to the assignment, a judgment is simply a chose in action, and the assignee takes subject to any defense or right of set-off, legal or equitable, which was available in favor of the judgment debtor as

against the assignor.   *Fred Miller Brewing Co. v. Hansen,*
104 Iowa, 307; *Ballinger v. Tarbell,* 16 Iowa, 491; *Burtis
v. Cook,* 16 Iowa, 194; *Marshall v. Cooper,* 43 Md. 46, 61.

Counsel for appellees insist that Harl & Tinley, taking
by assignment without notice of any equities in favor of the
plaintiff, are not subject to such equities.   But this is not
the general rule, nor is it the rule recognized by our statute.
The assignee of a chose in action takes subject to all equities
subsisting against the assignor in favor of the debtor ac-
quired prior to the assignment, and the equities to which he
is thus subject include the right of set-off.   2 Pomeroy,
Equity Jurisprudence (3d Ed.), section 704.   Thus it has
been held that, although the assignment of a check or draft
on a bank operates as an equitable assignment of the fund,
the assignee is subject to the right of the bank to set off the
indebtedness due from the drawer of the check to the bank
on a note, even though the note is not matured.   *Thomas v.
Exchange Bank,* 99 Iowa, 202.   And see *Nashville Trust Co.
v. Fourth National Bank,* 91 Tenn. 336 (18 S. W. 822, 15
L. R. A: 710), in which case it is held that the right of equi-
table set-off existing in case of the insolvency of the creditor
against whom such set-off exists may be maintained as to
unmatured debts.   The well-known exception in the case of
negotiable paper, under which the transferee, even though
he may not be a holder before maturity, is subject only to
the equities pertaining to the instrument itself, and not to the
general equities between the parties, such as the right of
equitable set-off, does not apply to an ordinary chose in ac-
tion, such as a judgment.   *Hayes v. Clinton County,* 118
Iowa, 569.   This equitable rule is recognized in Code, sec-
tion 3461, which is as follows: " The assignment of a thing
in action shall be without prejudice to any counterclaim, de-
fense or cause of action, whether matured or not, if matured
when pleaded, existing in favor of the defendant and against
the assignor before notice of the assignment; but this section
shall not apply to negotiable instruments transferred in good

faith and upon a valuable consideration before due." Prior to the adoption of this provision, substantially in its present form, as section 2546 of Code of 1873, there was some question as to whether a mere assignee of a negotiable instrument — i.e., one taking otherwise than by indorsement or delivery such as was necessary at common law to transfer the legal title to such instrument — was protected as against equities between the parties not inhering in the instrument itself; but since the adoption of that provision it has been repeatedly held that the assignee is subject, not only to defenses, but also to equitable rights of set-off existing in favor of the maker as against the assignor. *Hecker v. Boylan,* 126 Iowa, 162; *Bone v. Tharp,* 63 Iowa, 223; *Downing v. Gibson,* 53 Iowa, 517. And see *Younker v. Martin,* 18 Iowa, 143; *Stannus v. Stannus,* 30 Iowa, 448; *Shipman v. Robbins,* 10 Iowa, 208; *Richards v. Daily,* 34 Iowa, 427.

Counsel for appellees insist that as against Harl & Tinley the plaintiff is equitably estopped from interposing any set-off. The facts relied upon are that they were attorneys for Sharpless in procuring the original judgment against this plaintiff, and before prosecuting their appeal from that judgment to the Supreme Court took an assignment thereof in payment of their fees and rendered services in reliance upon said assignment, without knowledge of any claim of plaintiff against Sharpless. But in the absence of any allegation that plaintiff concealed from Harl & Tinley the existence of its claim against Sharpless, and induced Harl & Tinley to take the assignment and render the services by reason of their ignorance of the existence of such claim, we see nothing in the record on which the doctrine of equitable estoppel can be based. It is not the duty of the debtor to give notice of defenses or set-offs for the protection of his creditor's assignee; but it is for the assignee to ascertain what the relation between his assignor and the debtor actually is. The assignee must take the risk. Plaintiff could not interpose its counterclaim in the replevin

2. SAME: estoppel.

suit, and it had no occasion to act after judgment in that suit was rendered until it was threatened with the enforcement of such judgment. Prior to that time, and indeed, prior to the final affirmance of the judgment in the Supreme Court, Harl & Tinley had taken the assignment on which they now rely. Certainly there is nothing in these facts to justify the claim of equitable estoppel. In no view of the case, therefore, is the right of Harl & Tinley by virtue of their assignment better than the right of Sharpless under his judgment; and, as already indicated, plaintiff was entitled to maintain, as against Sharpless, its action in equity to enjoin the enforcement of the judgment.

The decree of the trial court is therefore *reversed*.