McCormick & McCormick, Appellants, v. The Dumbarton Realty Company.

**Attorneys' liens:** APPLICATION OF STATUTE: OCCUPYING CLAIMANT'S ACTION. The attorneys' lien law does not apply to actions under the occupying claimant's statutes; as there is no money due the adverse party, within the meaning of the lien law, which will support the lien. The claim in such cases may be satisfied either by the claimant paying the value of improvements and taking the property, or upon his refusal to pay he may permit the other party to take his interest in the property, or they may become tenants in common of the entire property, but the court has no power to render a personal judgment against the owner of the land, or to order it sold to satisfy the claim, thus creating a fund to which the lien would attach.

*Appeal from Woodbury District Court.—*Hon. Wm. Hutchinson, Judge.

Monday, October 21, 1912.

Action to recover attorney's fees under Code, section 321. A demurrer to the petition was sustained, and, the plaintiffs electing to stand on their petition, it was dismissed, and they appeal.—*Affirmed.*

*McCormick & McCormick, pro se.*

*E. J. Stason,* for appellee.

Sherwin, J.—Plaintiffs herein were attorneys for several parties who brought suits against the defendant herein under the occupying claimants statute (chapter 7, title 14, of the Code). After suit, and after notice under section 321, the defendant settled with some of the parties without paying the claims of the plaintiffs. The question for our determination is whether an attorney is entitled to a lien for services rendered in an action to establish the respective rights of plaintiff and defendant under the occupying claimants statute. Code, section 321, provides: "An attorney has a lien for a general balance due upon . . . (3) Money due his client in the hands of the adverse party, or attorney of such party, in an action or proceeding in which the attorney claiming the lien was employed, from the time of giving notice in writing to such adverse party, or attorney of such party, if the money is in the possession or under the control of such attorney. . . ." The plaintiffs seek to establish their lien on the ground that there was money due their clients from the defendant, as the term is used in section 321. Title 14, chapter 7, of the Code, relating to occupying claimants, provides:

Sec. 2965. Such petition must set forth the grounds

on which the defendant seeks relief, stating as accurately as practicable the value of the real estate, exclusive of the improvements thereon made by the claimant or his grantors, and the value of such improvements. The issues joined thereon must be tried as in ordinary actions, and the value of the real estate and of such improvements must be separately ascertained on the trial.

Sec. 2966. The plaintiff in the main action may thereupon pay the appraised value of the improvement and take the property, but if he should fail to do this after a reasonable time, to be fixed by the court, the defendant may take the property upon paying its value, exclusive of the improvements. If this is not done within a reasonable time, to be fixed by the court, the parties will be held to be tenants in common of all the real estate, including the improvements, each holding an interest proportionate to the values ascertained on the trial.

The statute gives an attorney a lien for money due his client in the hands of the adverse party. The word "due" has a variety of meanings, depending on the connection in which it is used. *Feeser v. Feeser*, 93 Md. 716 (50 Atl. 406). It is not always used in the sense of "mature," but may be applied to all claims, whether due, to become due, or contingent. *Barto v. Stewart*, 21 Wash. 605 (59 Pac. 480). But we think it the general rule that money is never due, in any sense of the word, unless the claim is such that the adverse party may be compelled to pay the same in the future. *Ames v. Ames*, 128 Mass. 277; *Bishop v. Young*, 17 Wis. 46.

If it be conceded, for the purpose of this case, that the statute under consideration should be so construed as to give an attorney a lien on all the money in the hands of the adverse party, which will be absolutely payable in the future, no lien can be established in this case, because, under the occupying claimants statute, any claim that may finally be established is not absolutely payable in money. There are three ways by which the claim may be satisfied, and the first of such ways is purely optional with the ad-

verse party. He may pay the value of the improvements and take the property, but this he is not bound to do; he may refuse to pay such sum and let the other party take his interest in the property; or the parties may become tenants in common of the real estate, including the improvements. The court has no authority, under the statute, to render a personal judgment against the owner of the land; nor is there authority to order the land sold under special execution to satisfy the claim. *Dungan v. Von Puhl,* 8 Iowa, 263; *Lindt v. Uihlein,* 116 Iowa, 48. In *Lindt v. Uihlein* we said that these proceedings were in the nature of an assertion of a lien upon the property by the party in possession, accompanied by the right to retain such possession until the lien is satisfied; that such possession need not be surrendered until the claim is satisfied, but that "possession once lost, except by force or fraud, the lien is lost." The statute gives a lien on "money due," and not on real estate, although real estate may be the subject of the litigation. *Keehn v. Keehn,* 115 Iowa, 467; *Kauffman v. Phillips,* 154 Iowa, 542. We are of the opinion that there was no "money due" the plaintiffs' clients, within the meaning of the statute, and that the judgment should be affirmed.