IN RE WILL OF LURENE LAMM.

(Garnishment proceeding following consolidated actions)

JULIAN MOE et al., appellees; PAUL STRAND, appellant; DECORAH STATE BANK, garnishee, appellee.

No. 50342.

(Reported in 109 N.W.2d 708)

JUNE 13, 1961.

 

Paul D. Strand, of Decorah, appellant, pro se.

Miller & Pearson, of Decorah, and Rees, Remley & Heiserman, of Anamosa, for executors of the estate of LuRene Lamm and Maxwell Krause.

Sheridan & Sheridan, of Waukon, for McAndrews and Haagensen, appellees.

SNELL, J.—LuRene Lamm, unmarried and without issue, died testate on February 12, 1954. Immediate, extensive and continuing litigation followed. Litigation of a varied nature in the courts of Iowa and Minnesota, including two previous appeals to this court, involved a will contest, replevin, quieting title, injunctions, suits to establish trusts and to establish rights to both the real and personal assets inventoried in the estate of the decedent, and an action for damages for the removal of assets. The present action involves an attempt to establish an attorney's lien and its priority over certain other claims.

Among the collateral heirs of LuRene Lamm involved in the various actions were two sisters, Rosalia L. McAndrews and Anne L. Haagensen. In the various records these two have been referred to as the sisters, and for convenience they will be so referred to herein.

The sisters were not successful in their litigation prior to

February 4, 1959. On that date the sisters and Paul D. Strand, attorney at law, entered into a contingent fee contract under which Mr. Strand undertook the conduct of litigation for the sisters, his compensation to be stated percentages of the amount recovered for the sisters. Between that date and July 28, 1959, Mr. Strand appeared for and conducted the trial of consolidated actions in behalf of his clients. Following this trial, findings, conclusions and decree of the trial court were entered establishing the ownership of property of substantial value in the sisters as against the claim of the executors of the LuRene Lamm estate, but also establishing a claim of the executors against the sisters in the sum of $12,500, together with interest, as damages for the wrongful removal of assets from Iowa. On the 28th day of July, 1959, following the trial of these consolidated cases, the sisters, by registered mail, discharged their Iowa and Minnesota attorneys, including Mr. Strand, through whose efforts the sisters had made substantial recoveries. The sisters were apparently allergic to the idea of paying attorney fees and reluctant to give credit for effective work. On July 30, 1959, Mr. Strand, by entry in the court's combination docket, filed an attorney's lien and gave notice thereof.

In the trial court's decree above mentioned, from which no appeal was completed, it was established that LuRene Lamm in her lifetime maintained bank accounts in the names of L. L. Lamm, Rene Lamm and LuRene Lamm for the bookkeeping purpose of designating the true ownership thereof. It was held that the sisters had interests therein and were entitled thereto.

The current appeal involves subsequent proceedings.

The $12,500 judgment in favor of the executors of the LuRene Lamm estate and against the sisters not having been otherwise satisfied, an execution was issued thereon and notice of garnishment served upon the depository bank. The validity of this garnishment is not questioned. The answer of the garnishee bank shows that at the time of the service of the notice of garnishment there was on deposit in the bank, and actually the property of the two sisters, the total sum of $12,122.77. Accumulated interest might slightly increase this amount, but the total as found by the trial court would still be less than the

amount due from the sisters on the judgment for damages in favor of the executors.

The filing of Mr. Strand's attorney's lien and the written notice thereof antedated the garnishment proceedings. Notice of the garnishment was served on Mr. Strand. After the garnishment Mr. Strand filed what he designated as an appearance and cross-petition, under which he sought to establish the amount of compensation to which he was entitled, together with the foreclosure of his lien therefor and the priority thereof over the claim of the estate, under the garnishment proceedings.

Involved in the same litigation were other issues between the estate and the sisters that are not involved in this appeal.

Ninety pages of the printed record herein are devoted to the pleadings, the attacks thereon and the court's rulings. We have referred to only such parts as are germane here.

I. In the hearing in the garnishment proceedings, Mr. Strand was treated and referred to as an intervenor, and the issues were confined to the question of priority of claimants against the bank account.

We approve the procedure and the conclusions of the trial court.

While other issues were tendered below and argued here, we conclude that the issues for our determination are limited.

II. Because of the attorney's lien noted in the record, the executors of the estate, as garnishing creditors, caused notice of the proceedings to be served upon Mr. Strand. In response to this notice Mr. Strand, in the garnishment proceedings, attempted to establish the amount of compensation to which he was entitled, his attorney's lien therefor, the foreclosure thereof and his prior claim to the funds involved in the garnishment proceedings. The trial court held, and we agree, that the issues so tendered were beyond the scope of the garnishment proceedings.

In New Amsterdam Casualty Co. v. Bookhart, 227 Iowa 1150, 1152, 290 N.W. 61, 62, it is held: "Code sections 12136 and 12137 [now 639.60 and 639.61] permit the intervention in attachment proceedings of a claimant to the attached property or money or an interest in or lien on it and provide for the

investigation of such claim and for such order as may be necessary to protect the rights of claimant.

"The effect of section 11679 is to permit claimants of liens upon or interests in money or property held by garnishment on execution to intervene and proceed under sections 12136 and 12137 the same as in cases of garnishment under attachment. Such is the established rule. Dolph v. Cross, 153 Iowa 289, 133 N.W. 669; Edwards v. Cosgro, 71 Iowa 296, 32 N.W. 350."

In Cooper v. Erickson, 213 Iowa 448, 239 N.W. 87, it is held that an intervenor becomes an interloper and consequently is without standing when it appears that he is attempting to institute an independent action under the guise of a petition of intervention.

In the garnishment proceedings Paul D. Strand was properly treated as an intervenor and was not entitled to establish the amount of his claim or his lien therefor on property not involved in the garnishment.

III. Assuming solely for the sake of determining the real issue herein that Paul D. Strand, as intervenor, was entitled to a lien for his services, was such lien prior and superior to the claim of the executors to the bank account held under garnishment?

Section 610.18 of the Code provides as follows:

"610.18 Attorney's lien—notice. An attorney has a lien for a general balance of compensation upon:

"1. Any papers belonging to his client which have come into his hands in the course of his professional employment.

"2. Money in his hands belonging to his client.

"3. Money due his client in the hands of the adverse party, or attorney of such party, in an action or proceeding in which the attorney claiming the lien was employed, from the time of giving notice in writing to such adverse party, or attorney of such party, if the money is in the possession or under the control of such attorney, which notice shall state the amount claimed, and, in general terms, for what services.

"4. After judgment in any court of record, such notice may be given, and the lien made effective against the judgment

debtor, by entering the same in the judgment or combination docket opposite the entry of the judgment."

The intervenor concedes that he has no basis for a retaining lien under subsections 1 and 2 of the statute.

■ If the funds and bank account subject to the garnishment are treated as money due intervenor's former clients from the bank, it is obvious that the bank is not an adverse party within the meaning of subsection 3 of the statute. The bank was brought into the proceedings only as garnishee. The bank makes no claim to the funds and in no particular is an adverse party.

■ IV. The intervenor argues that even though his situation is not covered by the statute, he is entitled to a charging lien on the judgment itself. He argues that the statute does not supersede nor abrogate such a lien as he might have under the common law. With this theory we cannot agree. The Iowa statute as to attorney's liens is in lieu of the common law and fixes the rights of all parties in interest and an attorney can have neither a common-law nor an equitable lien. Ward & Lamb v. Sherbondy, 96 Iowa 477, 65 N.W. 413.

The intervenor argues that the Iowa statute merely changes the notice required in order to perfect an attorney's lien. We do not find that the authorities support him in this contention.

V. In the litigation wherein the intervenor represented the sisters, it was established that the sisters were entitled to certain property including an interest in the bank accounts involved in the subsequent garnishment, and in the same action it was determined that the sisters were indebted to the estate represented by the executors in the sum of $12,500.

We have previously noted in Division III above that if the bank accounts are treated as in the possession of the bank brought in as garnishee only, the intervenor has no claim to the funds under the statute. If the funds are treated as in the possession of the executors, who are judgment creditors of the intervenor's former clients, then, in that event, there is a right of setoff and the claim of the executors is superior to that of the intervenor.

■ In Tiffany v. Stewart, 60 Iowa 207, 210, 14 N.W. 241,

242, it is said: "The claim of the defendant's attorneys to the judgment is founded upon a lien for their services in the action, and it is important to determine upon what such lien can be made. The statute, Code, §215, provides that an attorney, by giving the proper notice, may have a lien for his compensation upon money due his client in the hands of the adverse party, in an action or proceeding in which the attorney claiming the lien was employed. The money in the hands of the adverse party is such as shall be found to be due in the action or proceeding. In other words, an attorney cannot have a lien upon any greater amount than shall actually be found to be owing by the opposite party to his client. Suppose, in the course of the action or proceeding, costs should be adjudged against the client of the attorney claiming the lien. Must the successful party pay the attorney the full amount found to be due from the adverse party, regardless of off-sets? And must the adverse party pay such amount, notwithstanding the client of the attorney is insolvent? We think not. The spirit and meaning of the law is, that the attorney may have a lien upon the amount which is ultimately found to be due his client. Any other construction of the statute would be obviously inequitable and unjust. It would in effect require a party to pay part at least of his antagonists attorney's fee."

In Watson v. Smith, sheriff, 63 Iowa 228, 18 N.W. 916, it is held where a cause involved two counts, and judgment was rendered for plaintiff on one count and for defendant on the other, and execution was issued on both judgments, it was the right of one of the execution debtors to have the execution in his favor applied on the execution against him, notwithstanding such application would defeat an attorney's lien filed against the judgment against him. Tiffany v. Stewart, 60 Iowa 207, 14 N.W. 241.

In McIntosh v. McIntosh, 211 Iowa 750, 234 N.W. 234, it is held the offsetting of the larger against the smaller of two mutual judgments wholly terminates an unadjudicated attorney's lien duly noticed in the judgment docket of the smaller judgment, when the indebtedness represented by the larger

judgment antedates the indebtedness represented by the smaller judgment.

In McCormick & McCormick v. The Dumbarton Realty Co., 156 Iowa 692, 694, 137 N.W. 943, it is said: "The statute gives an attorney a lien for money due his client in the hands of the adverse party. The word 'due' has a variety of meanings, depending on the connection in which it is used. Feeser v. Feeser, 93 Md. 716 (50 Atl. 406). It is not always used in the sense of 'mature,' but may be applied to all claims, whether due, to become due, or contingent. Barto v. Stewart, 21 Wash. 605 (59 Pac. 480). But we think it the general rule that money is never due, in any sense of the word, unless the claim is such that the adverse party may be compelled to pay the same in the future. Ames v. Ames, 128 Mass. 277; Bishop v. Young, 17 Wis. 46."

In the case at bar it is clear that as a result of the mutual judgment the executors are entitled to offset their claim against any claim that the intervenor's former clients might have to the accounts in question. As long as the claim of the executors is unsatisfied they cannot be compelled to remit the funds in question, even if in their hands, to their judgment debtors. An attorney's lien does not attach to the gross assets but only to such parts as the attorney's clients are entitled to collect or hold.

Our holding herein is limited to the conclusion that the appellant, Paul D. Strand, on his claim is junior and inferior to the claim of the executors to the garnished funds. We adopt the holding of the trial court that nothing in these proceedings, nor herein, is to be construed as holding that Paul D. Strand is not entitled to recover for legal services rendered his former clients in an appropriate action brought for that purpose.

The case is affirmed.

All JUSTICES concur.